Christopher WARDLOW, Appellant,

v.

The STATE of Texas, Appellee.

No. 03–99–00156–CR.

Court of Appeals of Texas,
Austin.

Nov. 30, 1999.

Gary Taylor, Austin, for appellant.

Ronald Earle, Dist. Atty., Philip A. Nelson, Jr., Asst. Dist. Atty., Austin, for State.

Before Chief Justice ABOUSSIE, Justices B.A. SMITH and YEAKEL.

BEA ANN SMITH, Justice.

Appellant Christopher Wardlow appeals a jury determination finding him guilty of committing aggravated robbery. *See* Tex. Penal Code Ann. § 29.03(a)(2) (West 1994). On appeal, Wardlow contends the trial judge erred by not granting a hearing after he presented a prima facie case of the state's discriminatory strike of the sole remaining African–American venire-member and by admitting appellant's video-taped statement in violation of article 38.22, section 3 of the Texas Code of Criminal Procedure. Tex.Code Crim. Proc. Ann. art. 38.22, § 3 (West 1979 & Supp. 1999). At oral argument, the state recognized the need for a hearing, citing *Salazar v. State*, 795 S.W.2d 187 (Tex.Crim. App.1990). We reverse the judgment of the court below and remand the cause for a *Batson* hearing.[1]

## DISCUSSION

■ Wardlow contends the trial court erred by denying his *Batson* challenge to the State's peremptory strike of the only remaining African–American venire-member.[2] He argues that the prosecutor used this strike in a racially discriminatory manner to exclude the venire-member from service on the jury because of his race. Excluding a person from jury service because of race violates the Equal Protection clause of the Fourteenth Amendment to the United States Constitution. *See* U.S. Const. amend. XIV; *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); Tex.Code Crim. Proc. Ann. art. 35.261 (West 1989) (codifying *Batson* standard).

**1.** *See Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

**2.** Of the two African–American venire members, the parties agreed to dismiss the first African–American venire-person because she

When Wardlow raised his *Batson* challenge, the trial judge called the two parties before the bench, outside the presence of the jury. The State contended that Wardlow failed to make a prima facie case. The trial judge responded to both parties' arguments:

That based on all the factors, including the fact that while it's irrelevant to the bottom line, the Court does note that the defendant in this case is white, that there was agreement by the parties to [strike] one of the two African–American jurors, and based on my history dealing with these prosecutors prosecuting in my court and finding that I've never before seen any indications that they were striking jurors on the basis of race—based on all of those factors, the Court finds that the defendant has not made a prima facie case and therefore denies your challenge.

■ The analysis used to test a *Batson* challenge consists of three steps. First, the defendant must establish a prima facie showing of discrimination by the State against an eligible venire-member. *See Mandujano v. State*, 966 S.W.2d 816, 818 (Tex.App.—Austin 1998, pet. ref'd). To make such a case, the defendant must show that relevant circumstances raise an inference that the State made a race-based strike. *See id.* Only minimal evidence is needed to support a rational inference. *See id.* The burden of establishing a prima facie case is not onerous. *See id.* Second, if a prima facie case is made, the State then has the burden to come forward with a race-neutral reason for the strike. *See id.* The prosecutor's explanation must be clear and reasonably specific, and must contain legitimate reasons for the strike related to the case being tried at the moment. *See id.* Finally, once the State

had been the victim of a robbery and could not be fair and impartial. The state used one of its peremptory strikes to dismiss the second African-American.

offers a race-neutral explanation, the burden shifts back to the defendant to persuade the trial court that the State's purported reasons for its peremptory strike are mere pretext and are in fact racially motivated. *See id.; Lopez v. State,* 940 S.W.2d 388, 389–90 (Tex.App.—Austin 1997), *pet. ref'd,* 954 S.W.2d 774 (Tex.Crim. App.1997) (McCormick, P.J., dissenting to refusal of State's petition); *see also Purkett v. Elem,* 514 U.S. 765, 767, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995); *Hernandez v. New York,* 500 U.S. 352, 359–60, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991).

■ The State's peremptory strike of the only remaining African–American venire-member is enough to constitute a prima facie case of discrimination based on race. *See Salazar,* 795 S.W.2d at 193 (concluding that removal of 100% of venire persons of same race enough to establish prima facie case); *see also Linscomb v. State,* 829 S.W.2d 164, 166 (Tex.Crim.App. 1992) (high rate of peremptory challenges against persons of same race creates prima facie case). It does not matter that appellant is white and that the struck venire-members were black. *See Powers v. Ohio,* 499 U.S. 400, 415–16, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991). Although the number of African–Americans struck from the panel was not large, we conclude that removal of 100% of the African–Americans establishes a prima facie case and requires a *Batson* hearing. *See Salazar,* 795 S.W.2d at 192, 193 (judge held hearing in library rather than open court, violating art. 1.24 of the Texas Code of Criminal Procedure (West 1977), which requires "[t]he proceedings and trials in all courts shall be public"). The trial judge did not provide any such hearing; we therefore reverse the judgment below and remand this cause for a hearing on Wardlow's *Batson* challenge. We do not address Wardlow's second issue because sustaining it would afford no greater result than already granted on the first issue. *See* Tex.

R.App. P. 47.1. We reverse the conviction and remand the cause to the district court.