# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-00-00301-CR

**Christopher Wardlow, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
### NO. 0992583, HONORABLE MIKE LYNCH, JUDGE PRESIDING

Appellant Christopher Wardlow was convicted of aggravated robbery and sentenced to imprisonment for thirty-eight years. We previously held that the district court erroneously failed to conduct a *Batson* hearing. *See Wardlow v. State*, 6 S.W.3d 786, 788 (Tex. App.–Austin 1999, no pet.). On remand, the district court conducted the hearing, concluded that the State's explanation for the strike was race neutral, and overruled Wardlow's objection. We will affirm.

A *Batson* challenge consists of three steps: (1) the defendant must make a prima facie showing of racial discrimination by the State; (2) the State must offer a race-neutral explanation for the strike; and (3) the defendant must persuade the trial court that the State's explanation is a mere pretext and that the strike was in fact racially motivated. *See Mandujano v. State*, 966 S.W.2d 816, 818 (Tex. App.–Austin 1998, pet. ref'd). Wardlow satisfied the first

step by showing that the only African-American on the jury panel was peremptorily struck by the State. *See Wardlow*, 6 S.W.3d at 788. We now turn to steps two and three.

At the hearing, the prosecutor testified that he struck the venire member in question because she was unable or unwilling to convict "even when convinced on all the elements beyond a reasonable doubt," was "vacillating," "didn't think she could be a good juror," "didn't think she could be fair to the state," and "said she would be sympathetic to the defense." We agree with the district court that these are race-neutral explanations for the State's strike.

In order to persuade the court that the prosecutor's race-neutral explanations were a pretext for discrimination, Wardlow urged that other venire members who expressed similar views had not been struck by the State. This argument is contradicted by the record. The venire member was one of eight panelists who said they would be unable to convict on the testimony of a single witness even if that witness convinced them of the defendant's guilt beyond a reasonable doubt. Four of the eight were excused for cause, and the other four were peremptorily struck by the State.

During individual questioning at the bench, the panelist continued to express her reluctance to convict on the basis of one witness's testimony. She also told the court, "I guess because of my profession with children, it's —and I'm looking at this young man —I don't know if I could really be a good juror." She added that she would probably not be fair to the State, and would be sympathetic to the defendant.

The State provided race-neutral explanations for the challenged strike. These explanations are supported by the record. Wardlow did not introduce any evidence or raise an

inference that the State had a race-based reason for the strike. The first point of error is overruled.

Wardlow's second point of error is that the district court erred by admitting his videotaped statement in evidence. He contends the State failed to demonstrate that the recording device was capable of making an accurate recording and that the operator of the device was competent. *See* Tex. Code Crim. Proc. Ann. art. 38.22, § 3(a)(3) (West Supp. 2000). We review the district court's ruling for an abuse of discretion. *See Zuliani v. State*, 903 S.W.2d 812, 819 (Tex. App.–Austin 1995, pet. ref'd).

The police officer who took Wardlow's statement testified that he had used the interview room on other occasions, but did not know how long the recording system had been in operation or exactly where the camera and microphone were located. The officer stated that he had reviewed the videotape and recognized the voices as being his and Wardlow's. He disagreed with defense counsel's characterization of the recording as "very poor." He added, "Sometimes people mumble and they are kind of hard to understand" but "about all of what [Wardlow] says you can hear." He was of the opinion that the recording device and operator were competent.

Wardlow characterizes the officer's testimony as "perfunctory" and urges that "[o]ne can hardly be competent to operate equipment whose location is a mystery. Nor can one testify as to the abilities and accuracy of such equipment." The quality of the videotaped statement, however, is the best evidence of the accuracy of the recording device and the competence of the operator. Wardlow does not contend that the recorded statement was inaccurate

or unintelligible, nor did he at trial.  We are not persuaded that the district court abused its

discretion by admitting the statement in evidence.  Point of error two is overruled.

The judgment of conviction is affirmed.

_____

Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed:   September 21, 2000

Do Not Publish