# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00282-CR

Yolanda C. Wellner, Appellant

v.

The State of Texas, Appellee

**FROM THE COUNTY COURT AT LAW OF TOM GREEN COUNTY**
**NO. 01-00565, HONORABLE DAVID B. READ, JUDGE PRESIDING**

A jury found appellant Yolanda C. Wellner guilty of driving while intoxicated. *See* Tex. Pen. Code Ann. ' 49.04 (West Supp. 2002). The court assessed punishment at incarceration for 120 days and a $500 fine, but suspended imposition of punishment and placed Wellner on community supervision. By three points of error, Wellner contends that the evidence is insufficient to sustain the guilty verdict, and that the court erred by overruling her motions to suppress evidence and for new trial. We will overrule these contentions and affirm the conviction.

When reviewing a trial court=s ruling on a motion to suppress evidence, we defer to the trial court=s factual determinations but review *de novo* the court=s application of the law to the facts. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). In this cause, the relevant facts were not disputed.

The only witness to testify at the suppression hearing was San Angelo Police Officer Todd Dornhecker. Dornhecker was on patrol around midnight when he observed a car stopped in the 500 block

of West 19th Street.  At this point, West 19th is a two-way street with two lanes of traffic in each direction.  The car was stopped in the right lane in what the officer described as the Atravel portion@ of the street.  The officer estimated that the car was at least ten feet from the right curb.  The driver of the car, who was Wellner, appeared to be talking through the passenger window to a woman standing at the side of the road.  Believing that the car was unlawfully A[p]arking in the roadway,@ Dornhecker pulled up behind the car and turned on his emergency lights.  The suspect car then pulled over next to the curb.

Wellner contends the officer did not have reasonable grounds to suspect that a crime was being committed and therefore this Ainitial stop@ violated her Fourth Amendment rights.  *See* U.S. Const. amend. IV.  A seizure within the meaning of the amendment occurs when a person yields to an officer=s show of authority.  *California v. Hodari D.*, 499 U.S. 621, 625-26 (1991).  A seizure does not occur until a reasonable person would believe she was not free to leave, and that person has yielded to the officer=s show of authority or been physically forced to yield.  *Johnson v. State*, 912 S.W.2d 227, 236 (Tex. Crim. App. 1995).  We will assume for the purposes of this opinion that Wellner was seized within the meaning of the Fourth Amendment when she responded to  Dornhecker=s emergency lights by moving her car to the curb.

An officer may stop and briefly detain a citizen for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot.  *Terry v. Ohio*, 392 U.S. 1, 30 (1968); *Hernandez v. State*, 983 S.W.2d 867, 869 (Tex. App.CAustin 1998, pet. ref=d).  Wellner argues that the facts known to Dornhecker did not give rise to a reasonable suspicion that she was unlawfully stopped in the street.  More specifically, Wellner contends the officer could not reasonably have

**2**

believed that she was violating either of the traffic laws he cited during his testimony at the suppression hearing.

The officer expressed the opinion that by stopping where she did, Wellner violated section 545.301 of the transportation code. Tex. Transp. Code Ann. ' 545.301 (West 1999). This statute, in pertinent part, provides that A[a]n operator may not stop . . . an attended or unattended vehicle on the main traveled part of a highway outside a business or residence district unless . . . a width of highway beside the vehicle is unobstructed and open for the passage of other vehicles.@ *Id*. ' 545.301(a)(2). The officer also cited a municipal ordinance that was read into the record: AIt shall be unlawful for any person to park any vehicle upon a street . . . in such a manner . . . as to leave available less than ten feet of the width of the roadway for free movement of vehicular traffic.@ In light of the evidence that there was a second, unobstructed westbound traffic lane on West 19th Street, we agree with Wellner that the officer could not reasonably have suspected that Wellner was stopped in such a manner as to leave inadequate room for the free passage of other vehicles.

But while Officer Dornhecker may have been mistaken with regard to the statute or ordinance violated, he was not mistaken in his suspicion that Wellner was unlawfully A[p]arking in the roadway.@ The transportation code provides that A[a]n operator who stops or parks on a two-way roadway shall do so with the right-hand wheels of the vehicle parallel to and within 18 inches of the right-hand curb or edge of the roadway.@ Tex. Transp. Code Ann. ' 545.303(a) (West Supp. 2002). The officer testified that Wellner was stopped at least ten feet from the right-hand curb of the street. This gave him a reasonable basis for suspecting that Wellner was committing a Aticketable@ traffic offense. *See id*. '

**3**

543.001 (West 1999); *see also Williams v. State*, 726 S.W.2d 99, 100-01 (Tex. Crim. App. 1986). Because the officer had a reasonable suspicion that Wellner was committing a traffic offense, we hold that the detention was lawful and overrule point of error one.

Next, Wellner urges that the evidence is legally and factually insufficient to sustain the jury=s finding that she was intoxicated. In determining the legal sufficiency of the evidence to support a criminal conviction, the question is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981). A factual sufficiency review asks whether a neutral review of all the evidence, both for and against the finding of guilt, demonstrates that the proof of guilt is so obviously weak or so greatly outweighed by contrary proof as to undermine confidence in the jury=s determination. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). A verdict may be set aside only if a finding of guilt beyond a reasonable doubt is clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); *Stone v. State*, 823 S.W.2d 375, 381 (Tex. App.CAustin 1992, pet. ref=d, untimely filed).

Officer Dornhecker testified at trial that he noticed an alcoholic beverage odor coming from Wellner=s car. As he spoke to her, he also noticed the odor on her breath. Wellner said she had been drinking. The officer asked Wellner to get out of the car and step to the rear. Dornhecker noticed that Wellner used her car for balance as she walked. Wellner agreed to submit to the horizontal gaze nystagmus test. The officer, who is certified to perform the test, testified that he observed all six Aclues@ indicating intoxication. When Dornhecker asked Wellner to perform another field sobriety test, she began to laugh

**4**

and refused to cooperate further. Wellner was arrested for driving while intoxicated and taken to the jail. There, she was videotaped and refused to submit to an intoxilyzer test. The jury was shown the jail videotape.

A second person, Daniel Munoz, was in the back seat of Wellner=s car. Munoz was arrested for public intoxication. Alicia Martinez, the pedestrian with whom Wellner was speaking when she was first seen by Dornhecker, was arrested for public intoxication, resisting transportation, and assaulting an officer.

Dornhecker testified that in his opinion, Wellner did not have the normal use of mental or physical faculties due to intoxication. He based this opinion on her Aparking in the middle of the road at a very busy intersection,@ her use of her car for balance, and Athe way she behaved in the cooperation level as I was doing my investigation, the laughing during the investigation, typically that=s not seen.@

Wellner=s daughter testified for the defense. She said that Wellner had a glass of wine with dinner and a second glass after dinner. The second glass of wine was half consumed by about 8:30 that night. Wellner left the house at 11:00 p.m. to give a ride to her sister=s boyfriend having had nothing further to drink. The witness also testified that Wellner can appear Aflighty@ and Aair-headed@ when she is nervous.

The uncorroborated testimony of the arresting officer is legally sufficient to prove intoxication. *Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979); *Dumas v. State*, 812 S.W.2d 611, 615 (Tex. App.CDallas 1991, pet. ref=d). Nevertheless, Wellner argues that the beverage odor noticed by the officer was most likely attributable to her intoxicated passenger. She points out that the officer noticed no further odor after Wellner got out of her car. She also notes that the officer conceded

**5**

that it is not uncommon for a person to place her hand on her car as she walks. Wellner asserts that her behavior as shown by the evidence Ais wholly consistent with that of an individual who has been awakened . . . and forced to stay awake at an hour when she expected to be sleeping.@

The jury is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony, and it may accept or reject all or any part of the evidence. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex. Crim. App. 1984); *Castellano v. State*, 810 S.W.2d 800, 807 (Tex. App.CAustin 1991, no pet.); Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979). Even when conducting a factual sufficiency review, we may not substantially intrude upon the jury=s role as the sole judge of the weight and credibility of the evidence. *Johnson*, 23 S.W.3d at 7 (citing *Jones v. State*, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996)). We are not free to reweigh the evidence and set aside a verdict merely because we feel that a different result is more reasonable. *Clewis*, 922 S.W.2d at 135; *Reina v. State*, 940 S.W.2d 770, 773 (Tex. App.CAustin 1997, pet. ref=d). We must maintain appropriate deference to the jury=s verdict by finding error only when the record clearly indicates that the verdict is wrong and manifestly unjust. *Johnson*, 23 S.W.3d at 9; *Reina*, 940 S.W.2d at 773. A decision is not manifestly unjust simply because the fact-finder resolved conflicting views of the evidence in the State=s favor. *Roise v. State*, 7 S.W.3d 225, 233 (Tex. App.CAustin 1999, pet. ref=d). Applying the appropriate standards of review, we conclude that the evidence before us is legally and factually sufficient to sustain the jury=s verdict. Point of error three is overruled.

Finally, Wellner contends the court should have granted her motion for new trial because her attorney was ineffective. Wellner complains that counsel was ineffective because he failed to voice an

**6**

objection to the State=s discriminatory use of its peremptory strikes. *See Batson v. Kentucky*, 476 U.S. 79 (1986).

It was shown at the hearing on Wellner=s motion for new trial that three prospective jurors had Hispanic surnames. One of these panelists was excused by the court. The other two, both of whom were in the strike zone, were peremptorily challenged by the State. *See Wardlow v. State*, 6 S.W.3d 786, 788 (Tex. App.CAustin 1999, no pet.) (removal of all panelists of same race creates prima facie case of discrimination). Although Wellner=s trial counsel testified at the hearing and acknowledged that he did not voice a *Batson* objection, he was not asked to explain why he did not object. The prosecutor testified that he struck the two panelists because a records check indicated that they both had criminal histories. *See Anderson v. State*, 758 S.W.2d 676, 680 (Tex. App.CFort Worth 1988, pet. ref=d) (panelist=s previous legal trouble is race-neutral explanation for strike). He also said that one of the panelists admitted during voir dire that she had Ano problems driving under the effect of alcohol.@ The record is silent as to whether defense counsel was aware of the panelists= criminal histories.

To prevail on her claim of ineffective assistance of counsel, Wellner must show that counsel made such serious errors that he was not functioning effectively as counsel and that these errors prejudiced her defense to such a degree that she was deprived of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999). In reviewing a claim of ineffective assistance, we must indulge a strong presumption that counsel=s conduct fell within the wide range of reasonable professional assistance. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, any allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the

alleged ineffectiveness. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). The record before us does not affirmatively reflect that counsel was ineffective for failing to make a *Batson* objection, or that his failure to make the objection prejudiced Wellner. Point of error three is overruled.

We affirm the judgment of conviction.


Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed:   September 12, 2002

Do Not Publish