**Paul Brent DUMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–90–00580–CR.**

Court of Appeals of Texas,
Dallas.

June 4, 1991.

Discretionary Review Refused
Oct. 16, 1991.

John H. Hagler, Dallas, for appellant.

Pamela Sullivan Berdanier, Dallas, for appellee.

Before WHITHAM, KINKEADE and WHITTINGTON, JJ.

## OPINION

KINKEADE, Justice.

Paul Brent Dumas appeals his conviction for driving while intoxicated (DWI). After a jury trial, the court assessed punishment at ten days' confinement in the Dallas County jail and a fine of $1,500. In seven points of error, Dumas contends that the trial court erred when it (1) denied his motion to suppress, (2) admitted the audio portion of the video tape during which the police advised him of his rights and asked whether he wanted to waive his rights, (3) overruled his objection to allegedly improper prosecutorial argument, and (4) denied his motion for mistrial. Dumas further contends that the evidence is insufficient to support the conviction. Because the admission of the audio portion of the videotape penalized Dumas for exercising his state and federally guaranteed privilege against self-incrimination, we reverse and remand this cause for a new trial.

## FACTS

Dallas Police Officer John Simonton testified that while on patrol at approximately 4:00 a.m. on October 7, 1988, he saw a car in the parking lot of the Dallas Gentlemen's Club with its engine running, headlights on, and someone apparently passed out behind the car's steering wheel. Officer Simonton turned his vehicle around and went to investigate. As Officer Simonton reached the club, he saw the car, a black Cadillac, travelling in the same direction on Northwest Highway. Officer Simonton testified that as he tried to catch the vehicle, he saw it weave from one lane to the other and back. Officer Simonton said that when he stopped the car, Dumas showed his driver's license but no proof of liability insurance.

Officer Simonton further stated that Dumas appeared relaxed and had a blank stare across bloodshot and glassy eyes. Officer Simonton smelled the odor of alcohol on Dumas's breath and asked him to step out of the vehicle. After Dumas failed two field sobriety tests, Officer Simonton arrested him for DWI. Officer Simonton then took Dumas to the county jail, where Dumas refused to take a breath test and the police made an audio and visual recording of him.

At trial, before the presentation of testimony, Dumas objected to the audio portion of the tape during which the interrogating officer advised him of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 468, 86 S.Ct. 1602, 1624–25, 16 L.Ed.2d 694 (1966), and he refused to answer questions regarding his arrest. The trial court ruled that it would allow the State to play for the jury both the audio and video portions of the tape, except for the audio portion during which Dumas refused to answer questions about his arrest.

The contested audio portion of the tape reveals the interrogating officer advising Dumas of his rights pursuant to *Miranda v. Arizona,* 384 U.S. at 468, 86 S.Ct. at 1624–25. The officer then asked Dumas if he wished to waive his rights and answer questions about his arrest. In response, Dumas answered "no." The jury, however, did not hear Dumas's response because the volume was turned off at that portion of the video tape. The State restored the tape's volume immediately after Dumas's response. Finally, the interrogating officer asked Dumas to approach the video camera and repeat his name. After Dumas responds, the videotape abruptly ends.

### INVOCATION OF PRIVILEGE AGAINST SELF–INCRIMINATION

In his fourth point of error, Dumas contends that the trial court erred in admitting the audio portion of the video tape during which the police advised him of his rights and asked whether he wanted to waive his rights. Dumas argues that evidence of his invocation of the privilege against self-incrimination is inadmissible as evidence of guilt.

█ It is impermissible to penalize an individual for exercising his Fifth Amendment privilege when he is under police interrogation. *Hardie v. State,* 807 S.W.2d 319, 322 (Tex.Crim.App.1991) (citing *Miranda v. Arizona,* 384 U.S. at 468, 86 S.Ct. at 1624–25). The prosecution may not, therefore, use at trial the fact that he stood silent or claimed his privilege in the face of an accusation. *Id.* The adverse use of evidence that a defendant invoked a right or privilege granted to him by the Constitution is impermissible. *Hardie,* 807 S.W.2d at 322 (citing *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976)). To permit the use of this evidence for purposes of incrimination would erode the protection guaranteed by both state and federal constitutions. *Gathright v. State,* 698 S.W.2d 260, 261 (Tex.App.—Fort Worth 1985, no pet.). Further, it is fundamentally unfair to promise a defendant that he has a right to remain silent and then violate that

assurance by impeaching him when he invokes that right. *Jamail v. State,* 787 S.W.2d 380, 382 (Tex.Crim.App.1990) (op. on reh'g) (citing *Doyle v. Ohio,* 426 U.S. 610, 619, 96 S.Ct. 2240, 2245, 49 L.Ed.2d 91 (1976)).

█ In this case, the trial court admitted, over Dumas's objection, the audio portion of the videotape during which the interrogating officer advised Dumas of his *Miranda* rights and asked whether he wanted to waive those rights and answer questions about his arrest. The State then turned the videotape's volume down to exclude Dumas's refusal to waive his rights and answer the officer's questions from the jury. After Dumas made his response, the State restored the videotape's volume. However, this attempt to exclude Dumas's invocation of his Fifth Amendment privilege against self incrimination from the jury was an impermissible use of the fact that Dumas claimed his privilege in the face of accusation. We conclude that the State's action in deleting the videotape's volume, *after the interrogating officer gave Miranda warnings and asked the question,* led the jury to the inescapable conclusion that Dumas exercised his constitutional privilege to remain silent. Because the jury may adversely or improperly consider evidence of an accused invoking a constitutional right or privilege as an inference of guilt, the trial court erred in admitting the contested audio portion of the videotape. *See, e.g., Hardie,* 807 S.W.2d at 322; *Miffleton v. State,* 728 S.W.2d 880, 884 (Tex.App.—Austin 1987), *aff'd,* 777 S.W.2d 76 (Tex.Crim.App.1989); *Rezac v. State,* 722 S.W.2d 32, 33 (Tex.App.—Dallas 1986), *rev'd on other grounds,* 782 S.W.2d 869 (Tex.Crim.App.1990).

█ Rule 81(b)(2) of the Texas Rules of Appellate Procedure requires this Court to reverse the trial court's judgment if the record reveals error, unless it determines that the error did not contribute to the conviction or punishment beyond a reasonable doubt. Tex.R.App.P. 81(b)(2). In making this determination, we must (1) isolate the error and all of its effects and (2) ask whether a rational trier of fact might

have reached a different result if the error and its effects had not occurred. *Harris v. State,* 790 S.W.2d 568, 588 (Tex.Crim.App. 1989). In determining whether a trial court committed harmful error in admitting improper evidence, we must review the facts and circumstances of the case at hand. *Bird v. State,* 692 S.W.2d 65, 70 (Tex.Crim.App.1985), *cert. denied,* 475 U.S. 1031, 106 S.Ct. 1238, 89 L.Ed.2d 346 (1986).

The facts and circumstances show that Officer Simonton testified that he arrested Dumas for DWI based on Dumas's operation of his car, his failure of two sobriety tests, and the smell of alcohol on him. Officer Simonton further testified that he arrested Dumas in an area of town that, in his experience, had a high incidence of DWI offenses. Officer Simonton stated that Dumas appeared the same on the videotape as he had appeared in person. Dumas swayed slightly on the videotape, with slow and deliberate movements, but he did not slur his speech. Dumas made mistakes reading aloud from the card and reciting the alphabet.

■ The record further shows that, during deliberations, the jury foreman submitted a note to the trial court requesting "to see the videotape again." The trial court allowed the jury to view the videotape again in the courtroom under the court's supervision and the volume was turned off when Dumas invoked his privilege against self-incrimination. Immediately after Dumas's remark the videotape's volume was restored. The jury then returned to the jury room, continued deliberations, and reached a guilty verdict. We cannot conclude beyond a reasonable doubt that the jury would have reached the same verdict if its members had not had before them as evidence Dumas's invocation of his privilege against self-incrimination. We sustain Dumas's fourth point of error. Because Dumas, however, challenges the sufficiency of the evidence to support his conviction, we must also address this point of error.

## SUFFICIENCY OF THE EVIDENCE

In his third point of error, Dumas contends that the evidence is insufficient to support the conviction. Dumas argues that the evidence is insufficient because the arresting officer's testimony and the videotape failed to establish the offense beyond a reasonable doubt.

■ To support a conviction for DWI, the evidence must show that the defendant drove a motor vehicle while intoxicated on a public road, street, highway, or alley. *Ford v. State,* 571 S.W.2d 924, 925 (Tex. Crim.App.1978). When reviewing the sufficiency of the evidence, the critical inquiry remains whether, viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Marroquin v. State,* 746 S.W.2d 747, 750 (Tex.Crim.App.1988); *Garrett v. State,* 682 S.W.2d 301, 304 (Tex. Crim.App.1984), *cert. denied,* 471 U.S. 1009, 105 S.Ct. 1876, 85 L.Ed.2d 168 (1985). This standard supports the jury's responsibility, as the trier of fact, to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Gilbert v. State,* 787 S.W.2d 233, 235 (Tex. App.—Fort Worth 1990, no pet.) (citing *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). The jury, as the trier of fact, remains the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *Id.* The jury may accept or reject any or all of the evidence for either side. *Bowden v. State,* 628 S.W.2d 782, 784 (Tex.Crim.App.1982); *see* Tex.Code Crim.Proc.Ann. arts. 36.13 & 38.04 (Vernon 1979). Further, the uncorroborated testimony of an arresting officer is sufficient to prove the element of intoxication. *Annis v. State,* 578 S.W.2d 406, 407 (Tex.Crim. App.1979); *Watkins v. State,* 741 S.W.2d 546, 549 (Tex.App.—Dallas 1987, pet. ref'd).

■ The record reflects that Officer Simonton testified that, in his opinion, Dumas was intoxicated when he drove his vehicle on the highway and was stopped for failing to maintain a single lane of traffic. Officer Simonton based his opinion on (1) having made approximately 400 DWI arrests be-

**616**

fore the date of this offense, (2) observing Dumas weave his car from lane to lane, (3) the odor of alcohol on Dumas's breath, (4) Dumas's blank stare and glassy, bloodshot eyes, and (5) Dumas's swaying, slow movements and failure to pass two field sobriety tests. Further, the videotape shows Dumas making mistakes while reciting the alphabet. Viewing the evidence in a light most favorable to the verdict, any rational trier of fact could find the essential elements of the offense beyond a reasonable doubt. We overrule Dumas's third point of error.

Because of our disposition of Dumas's fourth point of error, we need not address his remaining points of error. We reverse the trial court's judgment and remand this cause to the trial court for a new trial.