COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-270-CR
 
  
JAMES 
EARL CAMPBELL                                                        APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
James Earl Campbell appeals from his convictions for aggravated sexual assault 
of a child and indecency with a child. In one point, appellant challenges the 
legal and factual sufficiency of the evidence to sustain his convictions. We 
will affirm.
        The 
parties are familiar with the facts of this case and the applicable law is 
well-settled.
        The 
victim testified in detail about the sexual assaults committed by appellant, her 
stepfather. She said he abused her daily until she ran away from home to seek 
the protection of a children’s shelter where she reported the abuse to a 
police detective and CPS worker. Appellant testified that no sexual abuse 
occurred.
        A 
victim’s uncorroborated testimony is sufficient to support a conviction for a 
sexual offense. Tex. Code Crim. Proc. 
Ann. art. 38.07(a) (Vernon Supp. 2004); West v. State, 121 S.W.3d 
95, 111 (Tex. App.—Fort Worth 2003, pet. ref’d). Furthermore, a child 
victim’s outcry statement alone can be sufficient to support a conviction for 
aggravated sexual assault.  Kimberlin v. State, 877 S.W.2d 828, 831 
(Tex. App.—Fort Worth 1994, pet. ref’d) (op. on PDR) (citing Rodriguez v. 
State, 819 S.W.2d 871, 873 (Tex. Crim. App. 1991)).
        After 
viewing the evidence under the applicable standard of review,[2] 
we find that the evidence is legally and factually sufficient to support the 
verdict.  The jury was entitled to believe the victim’s testimony and 
reject appellant’s testimony.  Bonham v. State, 680 S.W.2d 815, 
819 (Tex. Crim. App. 1984) (the jury is the exclusive judge of the credibility 
of the witnesses and the weight to be given to their testimony), cert. denied, 
474 U.S. 865 (1985); Dumas v. State, 812 S.W.2d 611, 615 (Tex. 
App.—Dallas 1991, pet. ref’d) (the jury is free to accept or reject all or 
any part of a witness’s testimony).  We overrule appellant’s point of 
error.
        The 
trial court’s judgment is affirmed.
 
  
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
 
 
PANEL 
A:   CAYCE, C.J.; LIVINGSTON and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 17, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979) 
(setting out legal sufficiency standard of review); Zuniga v. State, No. 
539-02, 2004 WL 840786, at *7 (Tex. Crim. App. Apr. 21, 2004) (setting out 
factual sufficiency standard of review).