Campbell v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-270-CR

JAMES EARL CAMPBELL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant James Earl Campbell appeals from his convictions for aggravated sexual assault of a child and indecency with a child.  In one point, appellant challenges the legal and factual sufficiency of the evidence to sustain his convictions.  We will affirm.

The parties are familiar with the facts of this case and the applicable law is well-settled.

The victim testified in detail about the sexual assaults committed by appellant, her stepfather.  She said he abused her daily until she ran away from home to seek the protection of a children’s shelter where she reported the abuse to a police detective and CPS worker.  Appellant testified that no sexual abuse occurred.  

A victim’s uncorroborated testimony is sufficient to support a conviction for a sexual offense.  
Tex. Code Crim. Proc. Ann.
 art. 38.07(a) (Vernon Supp. 2004); 
West v. State
, 121 S.W.3d 95, 111 (Tex. App.—Fort Worth 2003, pet. ref’d).  Furthermore, a child victim’s outcry statement alone can be sufficient to support a conviction for aggravated sexual assault.  
Kimberlin v. State
, 877 S.W.2d 828, 831 (Tex. App.—Fort Worth 1994, pet. ref’d) (op. on PDR) (citing
 Rodriguez v. State
, 819 S.W.2d 871, 873 (Tex. Crim. App. 1991)).

After viewing the evidence under the applicable standard of review,
(footnote: 2) we  find that the evidence is legally and factually sufficient to support the verdict.  
The jury was entitled to believe the victim’s testimony and reject appellant’s testimony.  
Bonham v. State
, 680 S.W.2d 815, 819 (Tex. Crim. App. 1984) (the jury is the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony), 
cert. denied
, 474 U.S. 865 (1985);
 
Dumas v. State
, 812 S.W.2d 611, 615 (Tex. App.—Dallas 1991, pet. ref’d) (the jury is free to accept or reject all or any part of a witness’s testimony).  
We overrule appellant’s point of error.  

The trial court’s judgment is affirmed.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b)

DELIVERED: June 17, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979) 
(setting out legal sufficiency standard of review); 
Zuniga v. State
, No. 539-02, 2004 WL 840786, at *7 (Tex. Crim. App. Apr. 21, 2004) 
(setting out factual sufficiency standard of review).