NUMBER 13-10-00069-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG 

 


THERESA LOPEZ, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 




On appeal from the County Court at Law No. 4 


of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Garza

Memorandum Opinion by Justice Yañez A jury convicted appellant, Theresa Lopez, of driving while intoxicated ("DWI"), a
class B misdemeanor. (1) The trial court sentenced her to ninety days' confinement in the
Nueces County Jail, suspended the sentence, and placed her on community supervision
for one year. (2) By a single issue, appellant challenges the legal and factual sufficiency of
the evidence to support her conviction. We affirm. 

I. The Evidence 


 At trial, the State presented the testimony of two Corpus Christi police officers,
Officer Jonathon McGinley and Officer Daniel Sotello. (3) Officer McGinley testified that
around 11:00 p.m., during a heavy rain, he observed a vehicle, later determined to be
driven by appellant, approaching a red light "fairly fast for the weather conditions." The
vehicle "rear-ended" a vehicle stopped at the light, and the impact was sufficient to cause
the second vehicle to "rear-end" a third vehicle. After determining that there were no
injuries, McGinley asked appellant and her passenger to exit the vehicle. McGinley
testified that appellant and her passenger both smelled of alcohol and had slurred speech. 
McGinley noticed appellant also had an unsteady stance. McGinley asked if appellant had
been drinking; she responded that she had "a couple of drinks." Because McGinley
believed appellant was intoxicated, he requested assistance from a "blue unit," which
specializes in investigating potential DWIs. McGinley testified that based on his
observations, appellant did not have normal use of her physical and mental faculties. 

 Officer Sotello testified that he arrived at the scene approximately twenty minutes
after the accident. Upon approaching appellant, he noticed that she used the door for
assistance in exiting the vehicle, had bloodshot eyes, slightly slurred speech, a slight odor
of alcohol on her breath, and had apparently urinated on herself. Officer Sotello testified
that he performed three field sobriety tests on appellant, all of which she failed. Officer
Sotello stated that in his opinion, appellant was intoxicated and he arrested her. Officer
Sotello transported appellant to the City Detention Center ("CDC") and advised appellant
that she was being videotaped. (4) Officer Sotello stated that he provided appellant with a
"DIC-24" statutory warning; appellant refused to provide either a breath or blood sample. (5) 
When the prosecutor asked Officer Sotello if appellant had normal use of her physical and
mental faculties, he responded, "[y]es." Later, on redirect examination, Officer Sotello
testified that appellant did not have the normal use of her physical and mental faculties. 
After appellant was taken to the CDC, Officer Sotello transported her to the hospital, where
she was "cleared medically." She was then taken back to the CDC.

II. Standard of Review and Applicable Law 


 In reviewing the legal sufficiency of the evidence, an appellate court must review all
the evidence in the light most favorable to the verdict, and ask whether "'any rational trier
of fact could have found the essential elements of the crime beyond a reasonable
doubt--not whether it believes that the evidence at the trial established guilt beyond a
reasonable doubt.'" (6) The trier of fact is the sole judge of the facts, the credibility of the
witnesses, and the weight given to testimony. (7) We do not reevaluate the weight and
credibility of the evidence, and we do not substitute our own judgment for that of the trier
of fact. (8) We resolve any inconsistencies in the evidence in favor of the judgment. (9)

 In conducting a factual sufficiency review, a court of appeals reviews the evidence
in a neutral light to determine whether the evidence is so weak that the jury's verdict seems
clearly wrong and manifestly unjust or whether the verdict is against the great weight and
preponderance of the evidence. (10) Unless the record clearly reveals that a different result
is appropriate, we must defer to the fact-finder's determination concerning the weight to
be given to contradictory testimony. (11) 

 Both legal and factual sufficiency are measured by the elements of the offense as
defined by a hypothetically correct jury charge. (12) "'Such a charge [is] one that accurately
sets out the law, is authorized by the indictment, does not unnecessarily increase the
State's burden of proof, or unnecessarily restrict the State's theories of liability, and
adequately describes the particular offense for which the defendant was tried.'" (13)

 Section 49.04 of the penal code provides that a person commits the offense of
driving while intoxicated if that person is intoxicated while operating a motor vehicle in a
public place. (14) Intoxication means "not having the normal use of mental or physical
faculties by reason of the introduction of alcohol," or "having an alcohol concentration of
0.08 or more." (15) 

III. Discussion 


 Here, appellant challenges only the element of intoxication. Specifically, appellant 
contends: (1) there was no breath or blood test to show an alcohol concentration of 0.08
or more; and (2) both officers testified that they either could not tell if appellant had lost the
normal use of her mental or physical faculties, or that she had the normal use of such
faculties. Appellant specifically notes Officer Sotello's testimony that appellant did have
normal use of her mental and physical faculties.

 We disagree. Appellant ignores Officer Sotello's testimony on re-direct examination
that appellant did not have the normal use of her physical and mental faculties. Although
we recognize that Officer Sotello provided conflicting testimony, the jury was best situated
to resolve the conflict. (16) "The uncorroborated testimony of an experienced arresting officer
is sufficient to prove the element of intoxication." (17) 

 Here, the record shows that Officer Sotello was an experienced officer; he had been
an officer with the Corpus Christi Police Department for three years and had received
specific training relating to DWI arrests. Based on his observations and the results of the
field sobriety tests he conducted, Sotello concluded that appellant was intoxicated. 
Appellant's refusal to take a blood-alcohol test is also relevant as evidence of intoxication. (18)

 Viewing the evidence in the light most favorable to the verdict, a rational jury could
have found that appellant was driving while intoxicated. (19) We therefore conclude the
evidence is legally sufficient to sustain appellant's conviction. (20) Further, reviewing the
evidence in a neutral light, we cannot say that the evidence is so weak that the jury's
verdict is clearly wrong and manifestly unjust or against the great weight and
preponderance of the evidence. (21) Accordingly, we conclude that the evidence is factually
sufficient. (22) 

IV. Conclusion 


 We overrule appellant's issue and affirm the trial court's judgment. 




 

 LINDA REYNA YAÑEZ,

 Justice

Do not publish.

Tex. R. App. P. 47.2(b).

Delivered and filed the

27th day of August, 2010.



1. See Tex. Penal Code Ann. § 49.04(a), (b) (Vernon 2003). 
2. See id. § 12.22 (Vernon 2003). 
3. Appellant did not present any witnesses.
4. The videotape of appellant at the CDC is not included in the appellate record. 
5. A person's refusal of a request by an officer to submit to the taking of a specimen of breath may be
introduced into evidence at the person's trial. Tex. Transp. Code Ann. § 724.061 (Vernon 1999). Before
requesting that a person submit to the taking of a specimen, however, the officer must provide the person with
certain information orally and in writing, including that the refusal may be admissible in a subsequent
prosecution. Id. § 724.015 (Vernon Supp. 2009). The DIC-24 Form contains the information the statute
requires to be given in writing. 
6. Laster v. State, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009) (quoting Jackson v. Virginia, 443 U.S.
307, 318-19 (1979)). 
7. See Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Jackson, 443 U.S. at 318-19; Beckham
v. State, 29 S.W.3d 148, 151 (Tex. App.-Houston [14th Dist.] 2000, pet. ref'd). 
8. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000) (en banc); Beckham, 29 S.W.3d at 151. 
9. Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).
10. Neal v. State, 256 S.W.3d 264, 275 (Tex. Crim. App. 2008); Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006).
11. Lancon v. State, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008). 
12. Grotti v. State, 273 S.W.3d 273, 280-81 (Tex. Crim. App. 2008); Malik v. State, 953 S.W.2d 234,
240 (Tex. Crim. App. 1997).
13. Villarreal v. State, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (quoting Malik, 953 S.W.2d at 240). 
14. Tex. Penal Code Ann. § 49.04; Perales v. State, 117 S.W.3d 434, 440 (Tex. App.-Corpus Christi
2003, pet. ref'd). 
15. Tex. Penal Code Ann. § 49.01(2)(A), (B) (Vernon 2003).
16. See Beckham, 29 S.W.3d at 151-52 (holding that conflicts in testimony "do not destroy the
sufficiency of the evidence" and that it is the exclusive duty of the jury to resolve contradicting evidence and
testimony).
17. Conger v. State, No. 03-07-278-CR, 2008 Tex. App. LEXIS 5815, at *11 (Tex. App.-Austin Aug.
1, 2008, no pet.) (mem. op., not designated for publication) (citing Annis v. State, 578 S.W.2d 406, 407 (Tex.
Crim. App. 1979); Dumas v. State, 812 S.W.2d 611, 615 (Tex. App.-Dallas 1991, pet. ref'd)); see also
Perales, 117 S.W.3d at 441. 
18. See Griffith v.State, 55 S.W.3d 598, 601 (Tex. Crim. App. 2001). 
19. See Jackson, 443 U.S. at 318-19; Laster, 275 S.W.3d at 517. 
20. See Jackson, 443 U.S. at 318-19; Laster, 275 S.W.3d at 517. 
21. See Neal, 256 S.W.3d at 275; see also Watson, 204 S.W.3d at 414-15. 
22. See Neal, 256 S.W.3d at 275; see also Watson, 204 S.W.3d at 414-15.