**AFFIRM; and Opinion Filed October 29, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00231-CR

### JUSTIN MICHAEL KRISS, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the County Criminal Court No. 2
### Dallas County, Texas
### Trial Court Cause No. MB2010-58496

## OPINION

Before Justices FitzGerald, Fillmore, and Stoddart
Opinion by Justice Fillmore

A jury convicted Justin Michael Kriss of misdemeanor driving while intoxicated (DWI).

*See* TEX. PENAL CODE ANN. § 49.04 (West 2011). The trial court assessed punishment of ninety

days' confinement and a fine of $1,000, probated the term of confinement, and placed Kriss on

community supervision for eighteen months. In three issues, Kriss argues (1) his right to

confront the witnesses against him was violated by a jury argument made by the prosecutor, (2)

his rights to remain silent, to counsel, and to due process were violated when the jury heard a

recording of him invoking his *Miranda*[1] rights, and (3) the trial court erred by failing to grant his

motion for mistrial based on the prosecutor's improper jury argument. We affirm the trial

court's judgment.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

## Background[2]

On May 27, 2010, the Dallas Police Department received a 911 call stating there was a "vehicle that was in the middle of the roadway not moving." Dallas police officers Richard Crain, Jonathan Schutz, and Dru Donnell responded to the call. Crain, the only witness at trial, testified he saw a pickup truck, facing against the direction of traffic, with its tires over the curb. Kriss was asleep in the driver's seat of the truck. Crain and at least one of the other officers started banging on the truck's windows to awaken Kriss. After Kriss got out of the truck, Crain noticed that his breath smelled of alcohol, his eyes were bloodshot, and he had unsteady balance. Kriss told Crain that he had consumed a six-pack of beer. After Kriss performed several standardized field sobriety tests, Crain arrested him for DWI.

## Invocation of *Miranda* Rights

In his second issue, Kriss complains his rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution were violated by the trial court's admission of evidence that he declined to answer any questions after being apprised of his *Miranda* rights.

### *Relevant Facts*

Following Kriss's arrest, Crain took him to the Dallas County Jail and placed him in an intoxilyzer room. Kriss was informed that all events in the room were being recorded. After Crain read Kriss the statutory warnings pertaining to providing a sample of his breath or blood,[3] Kriss declined to provide either sample and declined to perform certain tests that the police officer operating the intoxilyzer machine requested that he perform. The officer read Kriss his *Miranda* rights and asked if he understood those rights. Kriss indicated that he did. The officer then asked Kriss, "Of your own free will what I would like to do is ask you some questions

---

[2] Because Kriss has not challenged the sufficiency of the evidence to support the conviction, we cite only those facts necessary to address his complaints on appeal.

[3] *See* TEX. TRANSP. CODE ANN. § 724.015 (West Supp. 2013).

pertaining to your arrest. In order for me to ask those questions you have to give me permission. Can we ask you the questions?" Kriss responded, "No." Kriss then stood silently in the intoxilyzer room for approximately forty-five seconds before he complied with the officer's request that he sign some forms relating to his refusal to provide a sample of his breath or blood.

Prior to trial, Kriss filed a motion to suppress that, as relevant to this appeal, sought to exclude any evidence of the reading of his *Miranda* rights or his invocation of those rights on the grounds the evidence violated his rights against compulsory self-incrimination, to remain silent, and to counsel. After a hearing, the trial court denied the motion to the extent it sought to exclude the reading of the *Miranda* rights to Kriss, but granted the motion with regard to Kriss's "subsequent silence or invocation of his *Miranda* rights." The trial court instructed the prosecutor to determine "that portion of the video" so the prosecutor would know when to "mute it" as it was being played for the jury. The prosecutor indicated he would do so.

During trial, the State sought to admit the recording from the intoxilyzer room. Kriss renewed his previous objection as to "certain contents." The trial court instructed the prosecutor to "recall the Court's prior ruling regarding these DVDs." The prosecutor responded affirmatively. The record then reflects the following occurred.

(Video played for the jury)

Defense counsel: Your Honor, at this point we're gonna object to the audio portion of the –

Trial Court: Pause the tape, please. Go ahead. Make your objection. I couldn't hear you and the tape at the same time.

Defense counsel: The second objection that we made out of the jury's presence relating to *Miranda*.

Trial Court: Okay.

Defense counsel: Because I believe at this point in time we're getting into that issue and I'm sure the Court will recall the nature of the objection.

Trial Court: The Court recalls the nature of the objection, noting that the State hopefully recalls the nature of the ruling and will comply accordingly.

Prosecutor: Yes, Your Honor.

(Videotape played for the Jury)

The record does not reflect at what point the recording was stopped or muted and contains no further objections from Kriss pertaining to the playing of the recording.

*Analysis*

A defendant may not be penalized for exercising his *Miranda* rights when he is under police custodial interrogation. *Hardie v. State*, 807 S.W.2d 319, 322 (Tex. Crim. App. 1991) (citing *Miranda v. Arizona*, 384 U.S. 436, 468 n.37 (1966)); *Dumas v. State*, 812 S.W.2d 611, 614 (Tex. App.—Dallas 1991, pet. ref'd). "The prosecution may not, therefore, use at trial the fact that [the defendant] stood mute or claimed his privilege in the face of accusation." *Miranda*, 384 U.S. at 468 n.37. The adverse use of evidence that a defendant invoked a right or a privilege granted to him by the Constitution is impermissible. *Hardie*, 807 S.W.2d at 322 (citing *Doyle v. Ohio*, 426 U.S. 610, 619 (1976)). To permit the use of this evidence for purposes of incrimination would erode the protection guaranteed by both the state and federal constitutions. *Dumas*, 812 S.W.2d at 614. The danger lies in the possibility that evidence of the defendant invoking such a right or privilege may "be construed adversely to [the] defendant and may improperly be considered as an inference of guilt." *See Hardie*, 807 S.W.2d at 322. The parties do not dispute that the police officer's request to be allowed to ask Kriss questions pertaining to his arrest and Kriss's refusal to allow the questions was an invocation of his right to remain silent and it was impermissible, over objection, to play this question and answer for the jury.

In his brief on appeal, Kriss presented his issue as follows: his rights under the self-incrimination clause of the Fifth Amendment, to counsel under the Sixth Amendment, and to due process under the Fourteenth Amendment were violated "when the jury was informed that [he]

–4–

was read his *Miranda* rights following his arrest." Kriss specifically argued in his brief that his decision to refuse to answer the officer's questions could not be used against him and allowing the jury to hear the *Miranda* warnings had been read to him "invited the jury to draw an unfavorable inference from the administration of those warnings." However, at oral argument, Kriss's counsel stated he "devoted more time in [the] brief to the reading of the *Miranda* rights problem and not enough time to the fact that the record also contains a violation of the self-incrimination clause and the State realistically pointed that out." Kriss's counsel "concur[red] that the reading of *Miranda* rights by itself is generally not sufficient to require a reversal" and "[t]here has to be something more than just the reading of the rights to show harm." Kriss's counsel specifically argued the issue in this case is whether the jury heard the portion of the recording during which he invoked his right to remain silent. Kriss's counsel asserted the appellate record states only that the recording was shown to the jury and does not affirmatively indicate when, or if, the State stopped or muted the recording and, therefore, the State failed to meet its burden of demonstrating the jury did not hear Kriss invoking his constitutional rights. The State argued Kriss, as the appellant, had the burden of providing a record that shows error.

We stress that it would be of assistance to an appellate court for one, or both, of the parties at trial to expressly state for the record what portions of a recording are played for the jury, such as indicating the time stamp at which each segment that is played begins and ends. However, we need not address the issue of which party had the burden of producing an appellate record demonstrating when the recording was stopped or muted because, as set out below, the record in this case, considered in its entirety, indicates the jury did not hear Kriss's invocation of his *Miranda* rights.

Kriss filed a motion to suppress the portion of the recording from the intoxilyzer room that showed the reading and invocation of his *Miranda* rights. The trial court held a hearing on

the motion to suppress and ruled the reading of the rights was admissible, but the invocation of the rights was not. When the State offered the recording into evidence, Kriss renewed his objection to "certain contents" of the recording and the trial court reminded the prosecutor of the previous ruling. At some point during the playing of the recording,[4] Kriss objected that "we're *getting into* that issue" (emphasis added). The trial court noted that it recalled the nature of the objection and hoped the prosecutor "recall[ed] the nature of the ruling and *will comply* accordingly" (emphasis added). These statements indicate the portion of the recording depicting Kriss's invocation of his *Miranda* rights had not yet been played for the jury. After the prosecutor resumed playing the recording, Kriss made no further objection and there is no indication in the record that the prosecutor did not comply with the trial court's ruling.

Beginning prior to trial and continuing throughout trial, Kriss consistently and repeatedly objected to the admission of the portion of the recording depicting the invocation of his *Miranda* rights. The trial court sustained each of these objections and instructed the prosecutor to mute the recording so the jury did not hear Kriss invoke his *Miranda* rights. After the prosecutor resumed playing the recording following Kriss's objection that they were at the point in the video where they were "getting into that issue," Kriss made no further objection, did not move to strike any evidence from the record, and did not request a mistrial, actions Kriss needed to take to preserve error if the jury heard the portion of the recording during which he invoked his rights. *See Lane v. State*, 151 S.W.3d 188, 192–93 (Tex. Crim. App. 2004) (in order to preserve error for appeal, party must object each time objectionable evidence is offered or obtain a running objection). This lack of an additional complaint as the recording was played indicates the

---

[4] The reporter's record does not include a transcription of the audio part of the recording that was actually played during the trial. Nor does Kriss contend, or the record reflect, that Kriss objected to the court reporter's failure to transcribe or take notes of the audio portion of the recording played during trial. *See Brosette v. State*, 99 S.W.3d 277, 284–85 (Tex. App.—Texarkana 2003, pet. dism'd) (although court reporter had statutory duty to record all proceedings, defendant waived error in reporter's failure to do so by not objecting in the trial court) (citing *Williams v. State*, 937 S.W.2d 479, 486–87 (Tex. Crim. App. 1996)).

prosecutor did, in fact, comply with the trial court's ruling and did not play the audio portion of the recording that depicted Kriss invoking his *Miranda* rights.[5] We conclude the record reflects the jury did not hear the portion of the recording during which Kriss invoked his *Miranda* rights. Because the sole complaint made by Kriss under this issue is whether the jury improperly heard him invoke his *Miranda* rights, we resolve his second issue against him.

**Jury Argument**

In his first and third issues, Kriss asserts his right to confront the witnesses against him was violated during the prosecutor's closing argument and that the trial court erred by denying his motion for mistrial following the improper argument.

*Relevant Facts*

During the State's initial closing argument in the guilt phase of the trial, the prosecutor briefly argued the evidence established beyond a reasonable doubt that Kriss had been intoxicated. As relevant to this appeal, Kriss's counsel then argued Crain was the only witness for the State and that:

> [o]ther officers they could have brought in they didn't bring them in. Why not? Where are they? It's their witnesses. Two at the scene, one in the room downstairs at Lew Sterrett. They're not here to tell you that Mr. Kriss was intoxicated. You can consider that. Remember. A failure to bring a witness to testify to a material fact is a basis for reasonable doubt.

During the State's rebuttal, the prosecutor argued, "Asking where the other officers were. You saw how long it took just to get to the questions with this officer who was the one who performed the test, did everything. You really want to sit through two more officers telling you the same story?" Kriss's counsel objected that "[t]here is no evidence in this record that those officers would have told the same story. He's testifying. That deprived [Kriss] of the right of

---

[5] *See Tracy v. State*, No. 05-92-01445-CR, 1993 WL 307412, at *7 (Tex. App.—Dallas Aug. 9, 1993, pet. ref'd) (not designated for publication) (trial court ruled prior to trial that recording taken in intoxilyzer room would be muted at certain point; reporter's record did not affirmatively reflect when sound on recording was muted during trial; appellate court noted that "[b]ecause neither [defendant] no[r] the record indicates otherwise, we presume that the trial court enforced its pretrial ruling at the time the videotape was shown to the jury.").

confrontation." The trial court sustained the objection and instructed the jury to disregard "the last statement of the prosecutor." Kriss's counsel moved for a mistrial, which the trial court denied. The prosecutor then argued, without objection, that the State did not "want to waste your time with witnesses if you don't need them" and proceeded to argue the evidence established beyond a reasonable doubt that Kriss was intoxicated.

*Analysis*

In his first issue, Kriss contends the prosecutor's argument violated his right to confront the witnesses against him and he was harmed by the trial court's denial of his request for a mistrial. Kriss specifically argues that, under the harm analysis in rule of appellate procedure 44.2(b), the trial court's instruction to disregard did not cure the harm from the denial of his right of confrontation. However, rule of appellate procedure 44.2 does not apply to this issue because the alleged error is not the trial court's ruling on Kriss's objection, but the trial court's failure to grant Kriss's motion for mistrial. *See Archie v. State*, 221 S.W.3d 695, 699–700 (Tex. Crim. App. 2007) (quoting *Hawkins v. State*, 135 S.W.3d 72, 76–77 (Tex. Crim. App. 2004)).[6] Further, Kriss objected to the prosecutor's argument on two grounds: (1) there was no evidence in the record to support the argument, and (2) the argument denied his right to confront the witnesses against him. The trial court sustained the objection without specifying its ground for doing so. On this record, we are unable to determine whether the trial court granted Kriss's objection because the prosecutor strayed from the record or because the argument violated Kriss's right to confront the witnesses against him. *See* TEX. R. APP. P. 33.1(a) (to preserve error, appellant must obtain adverse ruling in trial court); *Johnson v. State*, 263 S.W.3d 287, 290 (Tex. App.—Houston [1st Dist.] 2007, pet. dism'd) ("'Shotgun' objections, which cite many grounds for the

---

[6] *See also Jackson v. State*, No. 05-11-00438-CR, 2013 WL 1277881, at *2 (Tex. App.—Dallas Feb. 28, 2013, no pet.) (mem. op., not designated for publication) (harm analysis under rule of appellate procedure 44.2(a) did not apply when issue presented on appeal was whether trial court erred by denying appellant's motion for mistrial).

–8–

objection without argument and serve only to obscure the specific grounds of the objection, do not preserve a complaint for appellate review.");[7] *see also Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004) (objection that right to confrontation has been violated can be waived by failure to make proper objection); *Deener v. State*, 214 S.W.3d 522, 527 (Tex. App.—Dallas 2006, pet. ref'd). We resolve Kriss's first issue against him.

In his third issue, Kriss asserts the trial court erred by denying his motion for mistrial following the prosecutor's argument. We review a trial court's denial of a motion for mistrial for an abuse of discretion. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). In conducting this review, we view the evidence in the light most favorable to the trial court's ruling, consider only those arguments before the court at the time of the ruling, and uphold the ruling if it falls within the zone of reasonable disagreement. *Id.* Only when the prejudice caused by the improper argument is incurable, or "so prejudicial that expenditure of further time and expense would be wasteful and futile," is a mistrial required. *Hawkins*, 135 S.W.3d at 77 (quoting *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999) and *Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003)). When the refusal to grant a mistrial follows an objection that jury argument was improper, we balance three factors to determine whether the trial court abused its discretion: (1) the severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor's remarks), (2) the measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the trial court), and (3) the certainty of conviction absent the misconduct (the strength of the evidence supporting the conviction). *Archie v. State*, 340 S.W.3d 734, 739 (Tex. Crim. App. 2011) (citing *Mosley v. State*, 983 S.W.2d 249, 259–60 (Tex. Crim. App. 1998)). Generally, instructions to the jury are sufficient to cure most

---

[7] *See also Wright v. State*, No. 02-12-00057-CR, 2014 WL 261409, at *5 (Tex. App.—Fort Worth, Jan. 23, 2014, no pet.) (mem. op., not designated for publication).

improprieties that occur during trial, and we presume that a jury will follow the trial court's instructions. *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009).

Assuming the prosecutor's argument was improper, we cannot conclude any harm from the argument was incurable. The complained-of statement was brief and was not repeated. *See Archie*, 221 S.W.3d at 700. The trial court immediately instructed the jury to disregard the statement. *See Freeman v. State*, 340 S.W.3d 717, 727–28 (Tex. Crim. App. 2011) (instruction to disregard will generally cure any error from prosecutor mentioning facts outside record during argument).[8] The prosecutor then argued the State did not want to "waste" the jurors' time with witnesses it did not need and focused on the sufficiency of the evidence to prove Kriss's guilt. *See, e.g.*, *Archie*, 340 S.W.3d at 741 ("Because the improper questions were embedded within other remarks that invited the jury to draw a *legitimate* inference from information contained in the appellant's [out-of-court statement], we think the magnitude of the prejudice was concomitantly diminished."). Finally, the certainty of Kriss's conviction absent the argument is high; there was ample evidence of his guilt, including Crain responding to a 911 call about Kriss's truck and finding the truck, stopped with its tires over the curb, facing against the direction of traffic with Kriss asleep in the driver's seat; Crain's testimony that Kriss's breath smelled of alcohol, he had bloodshot eyes and unsteady balance, and he told Crain that he had consumed a six-pack of beer; the video of Kriss's performance of the field sobriety tests; and Kriss's refusal to provide a sample of either his blood or his breath.

We conclude the prosecutor's argument was "not so extreme as to render ineffective an instruction to disregard," *Martinez v. State*, 17 S.W.3d 677, 691 (Tex. Crim. App. 2000), and was cured by the trial court's immediate and specific instruction to the jury to disregard the

---

[8] *See also Cole v. State*, No. AP-76703, 2014 WL 2807710, at *32 (Tex. Crim. App. June 18, 2014) (not designated for publication), *pet. for cert. filed*, No. 14-6343 (Sept. 16, 2014).

statement.  Accordingly, the trial court did not abuse its discretion by denying Kriss's motion for mistrial.  We resolve Kriss's third issue against him.

We affirm the trial court's judgment.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130231F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JUSTIN MICHAEL KRISS, Appellant

No. 05-13-00231-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court
No. 2, Dallas County, Texas,
Trial Court Cause No. MB2010-58496.
Opinion delivered by Justice Fillmore,
Justices FitzGerald and Stoddart
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 29th day of October, 2014.